IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00124-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALLARD BRIGMAN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Exhibit 1 to the Sentencing Memorandum [Doc. 42].

The Defendant moves for leave to file under seal an Exhibit [Doc. 41-1] to his Sentencing Memorandum. [Doc. 42]. For grounds, counsel states that the Exhibit contains the grand jury transcript of the testimony of a potential witness in the Defendant's case. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present

case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 13, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the exhibit contains sensitive information and that the public's right of access to such information is substantially outweighed by the parties' competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018); see also United States v. Foggo, 595 F. Supp. 2d 672, 680 (E.D. Va. 2009) (finding that public's interest in disclosure of grand jury materials, for use in sentencing a defendant, did not outweigh the need to protect the traditional secrecy of the grand jury). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Exhibit is necessary to protect the parties' interest in preventing the disclosure of this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Exhibit 1 to the Sentencing Memorandum [Doc. 42] is **GRANTED**, and the Exhibit [Doc. 41-1] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: February 28, 2022

Martin Reidinger
Chief United States District Judge